**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

FILED

01 MAR 16 AM 8:28

U.S. DISTRICT COURT
N.D. OF ALABAMA

KIM LESLIE,                            )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )    Civil Action No. CV-01-S-139-NE
                                       )
STERLING PLUMBING GROUP, INC.,         )
KOHLER CO., INC., GEORGE HARDIN,)
and JARVIS COLLIER,                    )
                                       )
        Defendants.                    )

ENTERED

MAR 16 2001

## MEMORANDUM OPINION

This action is before the court on several motions:  the Rule 12(b)(6) motion to dismiss filed by defendants Sterling Plumbing Group, Inc. ("Sterling"), and Kohler Co., Inc. ("Kohler"), (doc. no. 7); and the motion of defendant George Hardin to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure (doc. no. 9).  Plaintiff has filed a response to the motion of defendant George Hardin, stating that she does not oppose  his motion to dismiss insofar as it relates to her Title VII, negligent supervision, negligent retention, and negligent hiring claims (doc. no. 10).

### I. STANDARDS FOR REVIEW

In general, a court may dismiss a complaint for failure to state a claim upon which relief can be granted "only if it is clear that no relief could be granted under any set of facts that could

1

be proven consistent with the allegations of plaintiff's complaint." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80(1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[1]

In ruling upon a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the non-moving party. *Hishon,* 467 U.S. at 73, 104 S. Ct. at 2232; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida,* 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centra America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983). Notice pleading is all that is required: that is,

> "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

---

[1] *See also, e.g., Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Conley*), *reh'g denied,* 840 F.2d 25, *cert. denied,* 486 U.S. 1055, 108 S. Ct. 2822, 100 L.Ed.2d 923 (1988); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986) (same).

*Conley,* 355 U.S. at 47-48, 78 S. Ct. at 103 (citation omitted); *see also* Fed. R. Civ. P. 8(a).[2]

"A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on <u>any</u> possible theory." *Brooks,* 116 F.3d at 1369 (emphasis in original) (citing *Robertson v. Johnston,* 376 F.2d 43 (5th Cir. 1967)).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss generally are "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F. 3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service,* 400 F.2d 465, 471 (5th Cir. 1968)).

If matters outside the pleadings are presented to and

---

[2]Federal Rule of Civil Procedure 8(a) provides in part that: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed. R. Civ. P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted).

considered by the court when ruling upon a Rule 12(b)(6) motion, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(b), Fed. R. Civ. P.; *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678 (D.D.C. 1986) (Richey, J.). This allows the court's inquiry to be fact specific, and allows the nonmovant to demonstrate the existence of any genuine issues of material fact. *But see Denis v. Liberty Mutual Insurance Co.*, 791 F.2d 846, 850 (11th Cir. 1986) (recognizing an exception to the requirement that the court afford plaintiff notice of its intent to convert and an opportunity to supplement the record); *Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985) (same).

As the Eleventh Circuit noted in *Harris v. Ivax Corp.,* 182 F.3d 799, 802 n.2 (11th Cir. 1999), however, the "usual rules for considering 12(b)(6) motions are ... bent" in three circumstances. One occurs when copies of documents are <u>attached</u> to the plaintiff's complaint. *See Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1368 (11th Cir. 1997) (observing that 12(b)(6) motions are "limited primarily to the face of the complaint <u>and attachments thereto</u>") (emphasis added) (*citing* 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1356, at 590-

4

92(1969)).[3]   Here, plaintiff has done just that.   She attached
three documents as exhibits to her complaint:   the charge of
discrimination she filed with the Equal Employment Opportunity
Commission (Complaint Ex. A); the amended charge of discrimination
filed with the EEOC (*id.* Ex. B); and, the notice of her right to
sue issued by the EEOC (*id.* Ex. C).   Accordingly, plaintiff's
complaint, together with the attachments thereto, will be
considered in assessing the sufficiency of her pleadings.

## II. TITLE VII CLAIMS

### A.   Hostile work environment

The Supreme Court first held that "unwelcome sexual advances
that create an offensive or hostile working environment violate

---

[3]The remaining circumstances in which the usual rules for considering
12(b)(6) motions are "bent" are as follows.  One occurs when a plaintiff <u>refers
to</u> certain documents in his or her complaint, and those documents are central to
the plaintiff's claim.  In such a case,

> the Court may consider the documents part of the pleadings for
> purposes of Rule 12(b)(6) dismissal, and the defendant's attaching
> such documents to the motion to dismiss will not require conversion
> of the motion into a motion for summary judgment.   *Venture Assoc.
> Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.
> 1993)("Documents that a defendant attaches to a motion to dismiss
> are considered part of the pleadings if they are referred to in the
> plaintiff's complaint and are central to her claim.)".  ...

*Brooks,* 116 F.3d at 1369.  Nonetheless, the contents of such documents must not
be in dispute.   *Harris,* 182 F.3d at 802 n.2 ("[A] document central to the
complaint that the defense appends to its motion to dismiss is also properly
considered, <u>provided that its contents are not in dispute</u>.") (emphasis added).
    The final circumstance in which documents other than the complaint may be
taken into account without converting a Rule 12(b)(6) motion into a Rule 56
motion for summary judgment occurs in actions arising under the Private
Securities Litigation Reform Act of 1995, § 102(b) of which "directs the district
court to consider not only 'any statement cited in the complaint' but also 'any
cautionary statement accompanying the forward-looking statement, which are [sic]
<u>not subject to material dispute</u>, cited by the defendant.'" *Id.* (quoting 15 U.S.C.
§ 78u-5(e)).
    Neither of the foregoing circumstances is applicable to this case.

Title VII" in *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64
106 S. Ct. 2399, 2404, 91 L.Ed.2d 49 (1986).   Title VII is
violated, and sexual harassment is actionable, whenever the
workplace is permeated with "discriminatory intimidation, ridicule,
and insult" (*id.* at 65, 106 S. Ct. at 2405) that is "sufficiently
severe or pervasive 'to alter the conditions of the victim's
employment and create an abusive working environment.'" Id. at 67,
106 S.Ct. at 2405 (quoting *Henson v. City of Dundee*, 682 F.2d 897,
904 (11th Cir. 1982)).

The Eleventh Circuit reiterated the elements a plaintiff must
establish to support a Title VII hostile work environment claim in
*Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999) (*en banc*).
The plaintiff must demonstrate that:   (1) she belongs to a
protected group; (2) she was subjected to unwelcome sexual
harassment, such as sexual advances, requests for sexual favors, or
other verbal or physical conduct of a sexual nature; (3) the
harassment complained of must have been based upon plaintiff's sex;
(4) the harassment complained of was sufficiently severe or
pervasive as to alter the terms and conditions of employment, and
created a discriminatorily intimidating, hostile, or abusive
working environment; and (5) a basis for holding the employer
liable.  *Id.* at 1245; *see also, e.g., Gupta v. Florida Board of
Regents,* 212 F.3d 571, 582 (11th Cir. 2000); *Cross v. State of
Alabama*, 49 F.3d 1490, 1504 (11th Cir. 1995); *Bell v. Crakin Good*

6

*Bakers, Inc.*, 777 F.2d 1497, 1502-03 (11th Cir. 1985).

Here, plaintiff alleges that, beginning in July 1999, she was subjected to verbal and physical sexual harassment by defendants Hardin and Collier, and that she was offended by their words and actions.  In Exhibit A to her complaint, plaintiff identifies specific incidents, the dates on which they occurred, and the names of the employees involved.  This court finds that the allegations contained in her complaint and its attachments are sufficient to state a Title VII claim against defendants Sterling and Kohler for gender discrimination under the theory of a hostile work environment.

**B.    Retaliation**

Section 704(a) of Title VII, codified at 42 U.S.C. § 2000e-3(a), provides protection to those employees who oppose or participate in activities to correct an employer's discriminatory practices:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because [the employee] has opposed any practice made an unlawful employment practice by this [title], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title].

42 U.S.C. § 2000e-3(a).

To establish a prima facie case of retaliation for conduct falling under the proscriptions of § 2000e-3(a), a plaintiff must show that (1) she engaged in statutorily protected expression or

activity, (2) she suffered an adverse employment action, and (3) there is a causal linkage between the adverse action and the protected expression or activity. *See, e.g., Farley v. Nationwide Mutual Insurance Company,* 197 F.3d 1322, 1336 (11th Cir. 1999); *Wideman v. Wal-Mart Stores, Inc.,* 141 F.3d 1453, 1455 (11th Cir. 1998); *Meeks v. Computer Associates International,* 15 F.3d 1013, 1021 (11th Cir. 1994); *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1163 (11th Cir. 1993).

Plaintiff asserts that, after reporting her claims of sexual harassment to defendants Sterling and Kohler, her "work schedule [was] altered, her pay decreased," and she was "written up and eventually terminated." Complaint ¶ 15. Defendants argue that her allegations are insufficient, as they do not identify when the events occurred or  the persons responsible.  They further contend that plaintiff has failed to allege a causal connection.  This court finds that plaintiff has alleged facts sufficient to survive a motion to dismiss.

### III. STATE LAW NEGLIGENCE CLAIMS

The Alabama Supreme Court has adopted the following standard for claims of negligent hiring, supervision, and retention:

> "In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him.  Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such

knowledge."

*Lane v. Central Bank of Alabama,* 425 So. 2d 1098, 1100 (Ala. 1983)

(quoting *Thompson v. Havard*, 235 So. 2d 853, 857 (1970)).

Plaintiff claims that defendants Sterling and Kohler breached their duty to supervise their employees in a reasonable manner when they "took no effective remedial action to prevent the egregious acts of Plaintiff's co-workers, Hardin and Collier and other employees." She also alleges that defendants Sterling and Kohler breached their duty of due care in retaining defendants Hardin and Collier after being advised of their conduct. Finally, she alleges that defendants Sterling and Kohler breached their duty of due care in hiring defendants Hardin and Collier, in that they "knew or should have known [that Hardin and Collier] were unworthy, by habits, temperament or nature, to deal with the co-workers." Defendants Sterling and Kohler contend that plaintiff's complaint must fail as it does not identify the wrongdoing attributable to defendants Hardin and Collier, or to other unnamed employees, with respect to the claims of negligent hiring, supervision, and retention.

Defendants' arguments as to the claim of negligent hiring of defendants Hardin and Collier and "others," and as to the claims of negligent supervision and retention of unnamed persons, have merit. Plaintiff does not allege any fact to support her claim that defendants Sterling and Kohler negligently hired defendants Hardin

9

and Collier.  Moreover, her claims that defendants Sterling and
Kohler negligently hired, supervised, and retained other unnamed
employees do not provide defendants with sufficient notice to
answer the complaint.  Accordingly, these claims are due to be
dismissed.  This court finds, however, that plaintiff has stated a
claim as to defendants Sterling and Kohler for the negligent
supervision and retention of defendants Hardin and Collier.

### IV. ASSAULT AND BATTERY

Under Alabama law, "assault" is defined as "'an intentional,
unlawful offer to touch the person of another in a rude or angry
manner under such circumstances as to create in the mind of the
party alleging the assault a wellfounded fear of an imminent
battery, coupled with the apparent present ability to effectuate
the attempt, if not prevented.'" *Wright v. Wright,* 654 So. 2d 542,
544 (Ala. 1995)(quoting *Allen v. Walker,* 569 So. 2d 350, 351 (Ala.
1990)).  A battery occurs when a person actually touches another in
a hostile manner.  *See Kmart Corp. v. Perdue,* 708 So. 2d 106, 110
(Ala. 1997).  Assault and battery are intentional torts.

Plaintiff alleges in her complaint and the attachments thereto
that defendants Hardin and Collier touched her in a manner that she
found to be hostile and offensive.  She therefore has adequately
stated a claim for assault and battery as to defendants Hardin and
Collier.

For an employer to be held liable for the intentional torts of

10

its employee, the plaintiff must show that: (1) the employee's wrongful acts were committed in the line and scope of his employment; *and* (2) the acts were committed in furtherance of the business of the employer; *or* (3) the employer participated in, authorized, or ratified the wrongful act. *See Mardis v. Robbins Tire & Rubber Co.,* 669 So. 2d 885, 889 (Ala. 1995); *Potts v. BE&K Constr. Co.,* 604 So. 2d 398, 400 (Ala. 1992). In order for the employer to be liable under a theory of ratification, a plaintiff must demonstrate that: (1) the employer had actual knowledge of the tortious conduct of the offending employee and that the tortious conduct was directed at and visited upon the complaining employee; (2) based on this knowledge, the employer knew, or should have known, that such conduct constituted a continuing tort; and (3) the employer failed to take "adequate" steps to remedy the situation. *Potts,* 604 So. 2d at 400.

Plaintiff alleges that she complained to management about the acts of Collier and Hardin. She further alleges, therefore, that defendants Sterling and Kohler had direct knowledge of the actions, and that, because they failed to take steps to stop the conduct, they "authorized, ratified, or participated in those tortious and offensive acts." Complaint ¶ 18. Plaintiff's allegations are sufficient to state a claim for assault and battery under a theory of vicarious liability as to defendants Sterling and Kohler.

## V. INVASION OF PRIVACY

Under Alabama law, there are four theories of invasion of privacy:  (1) intrusion upon the plaintiff's physical solitude or seclusion; (2) publicity which violates ordinary decencies; (3) putting the plaintiff in a false but not necessarily defamatory position in the public eye; and (4) the appropriation of some element of the plaintiff's personality for a commercial use. *See Scott v. Estes,* 60 F. Supp.2d 1260, 1275 (M.D. Ala. 1999); *Phillips v. Smalley Maintenance Serv., Inc.,* 435 So. 2d 705, 708 (Ala. 1983).  The Alabama Supreme Court has recognized a cause of action for invasion of privacy based on sexual harassment. *Phillips,* 435 So. 2d at 711 (extensive, egregious inquiries into one's sex life, coupled with intrusive and coercive sexual demands, was a wrongful intrusion into one private activities sufficient "to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities").

Here, the applicable theory is the first:  intrusion upon plaintiff's physical solitude or seclusion.  Under this theory, invasion of privacy consists of "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *See McIsaac v. WZEW-FM Corp.,* 495 So. 2d 649, 650 (Ala. 1986).  The allegations in plaintiff's complaint, and in the attachments thereto, state a claim of invasion of privacy.  In

12

particular, plaintiff alleges, in her charge of discrimination appended to the complaint as Exhibit A, that she was subjected to sexual comments and unwelcome physical advances by defendants George Hardin and Jarvis Collier that caused her mental suffering and humiliation.

As discussed *supra* in IV., an employer may be held liable for the tortuous conduct of its employees if it participated in, authorized, or ratified the wrongful act. Plaintiff alleges that she complained to the management of defendants Sterling and Kohler about the "repeated intrusions into her personal life by the defendants Collier and Hardin and other employees," but that defendants took no action to end the conduct. Plaintiff's allegations are sufficient to state a claim against defendants Sterling and Kohler for invasion of privacy under a theory of vicarious liability.

### VI. MOTION FOR A MORE DEFINITE STATEMENT

As an alternative to his motion to dismiss, defendant George Hardin has moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) provides, in pertinent part, "[t]he motion shall point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Defendant Hardin's motion specifies neither the defects in plaintiff's complaint nor the details desired. Accordingly, his motion for a more definite statement is due to be denied.

13

For the foregoing reasons, the motion to dismiss filed by defendants Sterling and Kohler is denied in part and granted in part. The motion to dismiss filed by defendant George Hardin is denied in part and granted in part; the alternative aspect of his motion (for a more definite statement) is denied. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this _16th_ day of March, 2001.

United States District Judge